

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2004

# USA v. Hough

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1663

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Hough" (2004). *2004 Decisions*. Paper 614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1663

UNITED STATES OF AMERICA

v.

MARK GARY HOUGH,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00649)
District Judge:  Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2004

Before:  RENDELL, STAPLETON and LAY*, Circuit Judges.

(Filed: June 7, 2004 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

Mark Gary Hough was indicted for violating 8 U.S.C. § 1326(a) and (b)(2) in 2002

_____

*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

when he illegally attempted to reenter the United States after having been removed in 1998. Hough pled guilty, however, to the charge of knowingly and willfully making a materially false statement to the INS in violation of 18 U.S.C. § 1001. The indictment listing the initial charges was dismissed in light of Hough's guilty plea. He was sentenced in February of 2003 to time served, followed by two years of supervised release. He filed a timely notice of appeal.[1]

Hough contends that his conviction must be reversed because his previous removal order was obtained in an unconstitutional manner. He argues that his removal proceedings were invalid because he was denied the effective assistance of counsel, and he contends that his due process rights were thereby violated. Thus, he urges that his prosecution for illegal reentry was improper, and that the matter should be remanded to the agency for a new removal hearing, free of the constitutional violations that allegedly plagued his first hearing. Unfortunately, these attacks on Hough's underlying removal order are to no avail, because the conviction and sentence from which he appeals was not for illegal re-entry; rather, he appeals after pleading guilty to making a false statement to an INS official. Hough correctly cites numerous cases supporting the proposition that a defendant convicted of illegal reentry under 8 U.S.C. § 1326 may launch collateral attacks on his initial removal proceedings. See, e.g., United States v. Mendoza-Lopez, 481 U.S.

---

[1]The District Court had jurisdiction based on 18 U.S.C. § 3231. We may review the District Court's final judgment of conviction pursuant to 28 U.S.C. § 1291.

2

828 (1987). But, as we have stated above, Hough pled guilty to making a false statement to the INS, not to illegal reentry. The statement involved – a negative response to a question asking whether he had ever been removed from the United States – was false regardless of whether Hough's initial removal proceedings were somehow flawed. Accordingly, the validity of his previous removal hearing is not at issue on this appeal.

Further, even if we were to view his removal as relevant to the conviction from which his appeal is taken, Hough knowingly and voluntarily entered a guilty plea and admitted during the colloquy that he had lied on his I-94 Visa Waiver form. By entering an unconditional plea based on that fact, he waived any defenses to the charge under 18 U.S.C. § 1001. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Panarella, 277 F.3d 678, 689 (3d Cir. 2002). Hough has not contended that his plea was in any way defective or that it was made involuntarily.[2] Accordingly, we will not permit him to withdraw his admission of guilt and advance defenses to his initial charges.

For the reasons stated above, we will AFFIRM the District Court's Judgment of Conviction.

---

[2]Hough notes in passing that he accepted the plea in part because he wanted to be released from jail as soon as possible. However, he does not argue that this was the primary motivation for his decision to plead guilty, or that it rendered his plea unknowing or involuntary. Thus, it provides no basis for setting aside his guilty plea.